CHRISTOPHER DYER *versus* MOODY F. WALKER.

The partial payment of an account, made within six years, and appropriated toward the payment of the account as a whole and not to any one or more of its particular items, will take the account out of the statute of limitations.

ON REPORT from *Nisi Prius.*

ASSUMPSIT upon an account annexed consisting of items running from March 1, 1850, to June 13, 1858, and amounting to $758,17. There was also a credit by pew rent, from 1851 to 1854, of $30, and by two notes given by the defendant to the plaintiff of $100 each, dated May 19, and Sept. 15, 1856.

Writ was dated June 9, 1862. Plea general issue and the statute of limitations.

An auditor appointed by the Court reported :—

That " the plaintiff proved delivery to the defendant of the articles specified in the account annexed to the writ, at the several dates therein set forth, to the amount in value of $567,93. This embraces all items charged in said account, to the defendant, except the three following, viz. :—

| | | |
|---|---|---|
| 1857, May 19, Discount on note, | $2 | 00 |
| " Sept. 10, " " | 2 | 00 |
| Average interest, | 186 | 24 |

" In relation to the first two charges, plaintiff testified that they were the sums actually paid for discount of two notes of defendant, given in payment on those days, but there was no evidence of any agreement that the defendant should be charged with money paid for their discount. These charges are therefore not proven. The charge of average interest—$186,24—was testified by plaintiff to be the usual charge by tailors of interest after six months from delivery of goods, and that defendant had previously been charged, and had paid, without objection, similar charges of interest, after six months from the delivery of goods, and well understood the custom, and that this account, as it accrued,

had been from time to time, and at various times, presented to defendant and payment demanded. I have allowed the amount charged therefor—$186,24. The sums credited by plaintiff to defendant on account, viz. :

| | | |
|---|---|---|
| Pew rent, from 1851 to 1854, | $ 30 | 00 |
| May 19, 1856, note, | 100 | 00 |
| Sept. 10, 1857, note, | 100 | 00 |

appear to be right in amount, though the last item should bear date Sept. 15, 1856, and not Sept. 10, 1857. I have allowed all these items, and I report the following as the true account between the parties.

Moody F. Walker to Christopher Dyer, Dr.

| | | |
|---|---|---|
| To clothes delivered and work done for said Walker, from March 1, 1850, to June 13, 1858, as per account annexed to writ, | $567 | 93 |
| To average interest to date of writ, | 186 | 24 |
| | 754 | 17 |

*Contra Cr.*

| | | | |
|---|---|---|---|
| By pew rent, from 1851 to 1854, | $ 30 | 00 | |
| 1856, May 19, by note, | 100 | 00 | |
| 1856, Sept. 15, by note, | 100 | 00 | |
| | | 230 | 00 |

Balance due plaintiff June 9, 1862,      524  17"

Christopher Dyer, the plaintiff, testified ; "I received from the defendant, in part payment of the account sued, the two notes of one hundred dollars, each, credited in the account; that defendant, just previous to giving the first note, came into my shop, sat down, and there made an examination of said account. He took the bill and looked it over. He made no objections to the bill, said "he would pay it and pay some of it the first of next month." He soon after gave me the first note of one hundred dollars, in part payment of said account, to be credited on it, and which was credited. I took the note and think I had it discounted. He made me another payment of an hundred dollars on

account, by his note, which was given me in September, 1856. I did the same with this note as I did with the other."

*Cross examination.* —" Cannot state the year or time of year he looked at the bill. Perhaps I could by referring to the papers. Walker had the same bill now annexed to the writ, in our shop, and there looked it over. I laid it before him, on the desk. We had no discussions of the items on the bill. Walker has since got other items, which have been added to the account. I afterwards presented the bill to Walker, and tried to get him to give me a note for the account. Walker has traded with me for nearly thirty years. No credit agreed upon with him. Can't tell any year in which I presented the bill and demanded payment. Our business was a cash business. We tried to make it so. The bill which I showed him in my store was not the same piece of paper annexed to the writ, but it is a copy of it, as far as it went, but he afterwards got other goods, which are added on the account sued."

The defendant relied upon the statute of limitations in defence.

The case was withdrawn from the jury, and submitted to the full Court, to be decided by the Court according to the legal rights of the parties upon the testimony.

*F. Fox*, for the plaintiff, cited

R. S., c. 81, § 111; *Sibley* v. *Lambert*, 30 Maine, 254; *Ilsley* v. *Jewett*, 2 Met., 168; *Evans* v. *Daveis*, 4 A. & E., 840; *Worthington* v. *Gunsditch*, 53 English C. L. Rep.; *Walker* v. *Butler*, 6 E. & B., 506.

*Strout & Gage*, for the defendant.

If plaintiff's construction of R. S., c. 81, § 111, prevails, it operates a virtual repeal of the statute of limitations. Formerly so slight evidence of acknowledgment avoided the statute, that the Legislature provided that the acknowledgment should be " in writing and signed," &c. Statute of limitation should be a " statute of repose." *Bell* v. *Morrison*, 1 Peters, 360; *McClung* v. *Silliman*, 3 Peters, 270.

Section 111 does not apply to an account of many items, each constituting a single contract, but on an account containing a single item, or several items delivered at one time, and hence constituting one contract.

Declarations of Walker were not in writing and hence fall within § 108. The $100 payment did not admit any further indebtedness. Refusing to give a note for the balance when asked, is evidence that defendant regarded plaintiff paid, and is not an admission of indebtedness.

In *Walker* v. *Butler*, cited by plaintiff, the payment was upon an ascertained account and an agreed amount, and hence not applicable to case at bar. Defendant's promise to pay "some of the account the first of the next month" was more than six years from date of the writ. Nothing was said when second note was given, — no account shown defendant Sept., 1856, and no receipt given as in *Walker* v. *Butler*, *ubi supra*. And after first note was given, defendant had other items constituting other accounts before the second note was given. The second note might have been in payment of the late account.

Partial payment is an acknowledgment of a larger debt and a promise to pay, the application of the principle resting upon certain facts, (1.) That the payment is unequivocally made upon a known, ascertained and larger debt, and is intended by the payer to be applied to such debt. If there are various accounts and demands, and no application is made by the payer, the naked payment does not take any of the accounts out of the statute. *Brun* v. *Boulton*, 52 Eng. C. L., 474; *Tippets* v. *Heane*, 1 Cromp. M. & R., 253. A payment on an account not ascertained and agreed, is no admission of the amount of the debt. *Brun* v. *Boulton*, *supra*; *Pond* v. *Williams*, 1 Gray, 635; *Ilsley* v. *Jewett*, 2 Met., 173; *Haren* v. *Hathaway*, 20 Maine, 347; *Leson* v. *Smith*, 30 Eng. C. L., 575; *Mills* v. *Fowkes*, 35 Eng. C. L., 175—180; *Collyer* v. *Wilcock*, 13 Eng. C. L., 519; *Long* v. *Greville*, 10 Eng. C. L., 15; *Bell* v. *Morrison*, 1 Peters, 362; *Clementson* v. *Williams*, 1

Cranch, 72; *Wainman* v. *Kynman*, 1 Exch., 118; *Waugh* v. *Cope*, 6 Mees. & W., 824.

The plaintiff seeks to avoid the statute and has the burden. His proof fails to show that the defendant intended that his payments should be applied to the whole mass of items, understanding it at the time, and intending to admit the existence of his indebtedness to the whole amount of the items claimed.

DANFORTH, J.—This is a suit upon an account running from March 1, 1850, to June 13, 1858. The defendant relies upon the statute of limitations. To this plea the plaintiff replies that, on the 15th of September, 1856, defendant, by his note, paid him one hundred dollars; and the only question involved, is as to the effect of this payment. It is now well settled that a partial payment of a preëxisting debt, made within six years, unconditional and unqualified, creates a new promise and removes the bar arising from the statute of limitations. The payment here was unconditional, and within six years of the date of the writ. If made upon the account generally, it was a partial payment of a larger demand. The evidence is clear that it was made upon an account, and, as it does not appear that plaintiff had any other account than the one in suit, the presumption is that the payment was upon that. If not so, the burden is upon the defendant to show it. *Woodbridge* v. *Allen*, 12 Met., 475.

But it is said the account in suit is made up of many items, each one of which is a contract of itself, and it does not appear to which of them the payment was intended to apply. It is true there are many items, and each may be considered a contract; but it is also true, that there is but one account. The items are the elements of which the account is made up, and while singly they are many, taken together they constitute one. It is also true, that the defendant might have appropriated his payment to any one or more of the items, but there is no proof tending to show that he did

Dyer *v.* Walker.

so. On the other hand, the testimony is clear and uncontroverted, that the payment was appropriated toward the payment of the account as a whole, and not to any one or any number of items. The report of the auditor so finds, and the testimony of the plaintiff is to the same effect. If it were not so, the defendant could have so testified. The admission of the defendant as to the correctness of the bill, and his promise to pay it, cannot be taken to prove a new promise, but it is important testimony to show the object and appropriation of the payments subsequently made. For whatever it may have formerly been supposed that the law was, or whatever it may now be in England, it is well settled in this State and in Massachusetts that payments may be proved by parol. *Williams* v. *Gridley*, 9 Met., 482; *Sibley* v. *Lumbert*, 30 Maine, 253.

In the latter case three notes were sued, all of which were payable more than six years before the suit. The defendant made two payments in part satisfaction of the notes. "No direction was made by him, upon which of the notes he would have the payments applied, nor were they indorsed upon either of the notes."

The Court held the payments sufficient to take them all out of the statute. It would be difficult to distinguish the case at bar, in principle from that. In this the payment was made in part satisfaction of the account as a whole. No direction was given by defendant upon which of the items it should be applied, and no application of it was made to either, but it was credited to the whole indebtedness.

> *Judgment for plaintiff for balance found due by the auditor, five hundred twenty-four dollars $\frac{17}{100}$ ($524,17,) and interest from the date of the writ.*

WALTON, J. — I concur, there being no conflict between the foregoing opinion and that in *Dyer* v. *Walker*, 51 Maine, 104. The question there decided was what constitutes an "open and mutual account current" within the 99th section of the statute of limitations. The question here is

what is the effect of payment referred to in the 111th section of the same statute.

DICKERSON, BARROWS and TAPLEY, JJ., concurring.